UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF SASHA DIGIULIAN AND JOHN CHARLES DIGIULIAN FOR SUBPOENA FOR DOCUMENTS AND TO PRODUCE TESTIMONY FROM SIBLEY MEMORIAL HOSPITAL AND THE JOHNS HOPKINS HEALTH SYSTEM CORPORATION | Case No.: 1:19-mc-132 (RC/RMM) |

## MEMORANDUM OPINION

Petitioners Sasha DiGiulian and John Charles DiGiulian (collectively, "Petitioners") seek an order from the Court, pursuant to 28 U.S.C. § 1782, approving the issuance of subpoenas that would direct Respondents Sibley Memorial Hospital ("Sibley") and The Johns Hopkins Health System Corporation ("Johns Hopkins") to produce medical records and appear and testify at a deposition. *See* Mot. Order Subpoena Docs. Test. Foreign Proceeding, ECF No. 1 (the "Petition"). Petitioners intend to use this discovery to challenge the validity of their paternal grandmother's will in a proceeding pending before a court in Quebec, Canada. *See* Pet'rs' Mem. Supp. Mot. Order Subpoena Docs. Test. Foreign Proceeding at 3, ECF No. 1-1 ("Pet'rs' Br."). This case was referred directly to the undersigned for full case management. *See* Order at 1, ECF No. 2. Having considered the Petition, related filings,[1] and applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the Petition.

### BACKGROUND

On July 29, 2019, Petitioners filed an *ex parte* petition pursuant to 28 U.S.C. § 1782, seeking an order authorizing the issuance of discovery for use in a foreign proceeding in Canada.

---

[1]  Petition, ECF No. 1; Pet'rs' Resp. Min. Order, ECF No. 3.

*See* Pet. at 1–2.  Specifically, Petitioners wish to issue subpoenas to compel Sibley and Johns Hopkins to produce medical records and testimony related to Rita Ernesto DiGiulian, a former patient.  *See id.* at 2.  Petitioners, who are Rita DiGiulian's grandchildren, filed an action in Quebec Superior Court in Canada to challenge Rita DiGiulian's purported 2013 and 2015 Canadian wills.  *Id.*

At the time of her death, Rita DiGiulian jointly owned a piece of real estate in Quebec, Canada, with Petitioners' mother, Andrea DiGiulian.  *See* Decl. Frederic Savioe, Esq. at ¶ 12, ECF No. 1-2 ("Savoie Decl.").  Petitioners possess two wills purportedly endorsed by Rita DiGiulian as her last will and testament that pertain to this jointly owned property: (1) a March 21, 2013 will providing that Petitioners, as issue of Rita DiGiulian's predeceased son and Petitioners' father, would each receive 50 percent of Rita DiGiulian's ownership interest in the property; and (2) an April 29, 2015 will, altering the 2013 will and divesting Petitioners of all interest in Rita DiGiulian's joint ownership interest in the property.  *Id.* at ¶ 13.  Petitioners also assert that Rita DiGiulian exhibited signs of dementia during a June 5, 2015 video deposition taken in an unrelated matter.  *Id.* at ¶ 15.  Petitioners note that in this deposition, Rita DiGiulian was unable to recognize or identify her own lawyer or remember personal details, including her birth date, her residence at the time, and her grandchildren's names.  *Id*.  Petitioners assert that Rita DiGiulian's medical and mental state are "primary issues in the Canadian litigation."  Pet'rs' Br. at 4.

Petitioners allege that Rita DiGiulian was treated at Johns Hopkins multiple times in 2008, 2012, and 2015.  Savoie Decl. at ¶ 20.  They also allege that Rita DiGiulian was treated at Sibley multiple times in 2009, 2011, 2012, and 2013.  Savoie Decl. at ¶ 21.  Petitioners believe that the medical records that Sibley and Johns Hopkins possess are "vital to determining how

long Ms. DiGiulian was actually suffering from these [severe mental] deficits, and the progression of these deficits over time." *Id.* at ¶ 22. Petitioners assert that for these reasons, medical records and testimony regarding Rita DiGiulian are relevant and probative to the Canadian proceeding. Pet'rs' Br. at 4; Savoie Decl. at ¶ 24. Specifically, in addition to deposition testimony, Petitioners seek the following documents:

1. Rita DiGiulian's medical records from January 1, 2007 through January 27, 2017 including, but not limited to all notes, charts, test results or other writings;

2. All letters, correspondence, emails, and other documents between Sibley and/or Johns Hopkins and third persons, which reference Rita DiGiulian's medical/mental state, from January 1, 2007 through January 27, 2017;

3. All records, letters, correspondence, emails, and other documents received by Sibley and/or Johns Hopkins related to Rita DiGiulian's treatment, and/or upon which Sibley and/or Johns Hopkins relied, related to Rita DiGiulian's medical treatment, from January 1, 2007 through January 27, 2017;

4. All prescriptions written for Rita DiGiulian from January 1, 2007 through January 27, 2017;

5. All medical referrals for Rita DiGiulian from January 1, 2007 through January 27, 2017; and

6. All other documents and/or things in Respondents' [Sibley's and Johns Hopkins's] possession, custody or control, that are relevant to Rita DiGiulian's mental and/or medical state between January 1, 2007 through January 27, 2017.

Pet'rs' Br. at 3–4.

## LEGAL STANDARD

28 U.S.C. § 1782 authorizes district courts to order a person who resides or is found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . upon the application of any interested person . . . ." 28 U.S.C. § 1782(a). The statute does not, however, authorize the Court

to compel a person "to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." *Id.* Absent a court order to the contrary, the compelled discovery must be taken or produced "in accordance with the Federal Rules of Civil Procedure." *Id.*

A court "is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Rather, the court must consider "first, whether it is authorized to grant the request, and second, whether it should exercise its discretion to do so." *Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp. 2d 45, 49 (D.D.C. 2005) (citing *Intel*, 542 U.S. at 264); *see also In re Barnwell Enters. Ltd.*, 265 F. Supp. 3d 1, 8 (D.D.C. 2017) (citing *Lazaridis v. Int'l Ctr. for Missing & Exploited Children, Inc.*, 760 F. Supp. 2d 109, 112 (D.D.C. 2011)).

## DISCUSSION

### I. The Request to Subpoena Johns Hopkins is Moot

Petitioners have indicated that they have obtained records from Johns Hopkins Hospital via subpoena authority granted by a similar petition filed in the United States District Court for the District of Maryland. Pet'rs' Resp. Min. Order at 2, ECF No. 3; *see also* Mem. Op., *DiGiulian v. Johns Hopkins Health Sys. Corp.*, 8:19-cv-2213-PX, 2019 WL 5064672 (D. Md. Oct. 9, 2019). Petitioners acknowledge that the Petition as it relates to Johns Hopkins is moot, and that Petitioners currently only seek records from Sibley. *Id.* Thus, the Court will summarily

DENY AS MOOT the Petition as to Johns Hopkins, and limit further analysis to the Petition as to Sibley.

## II. The Court Is Authorized to Grant the Request

The Court's authority to grant a request for discovery under Section 1782 turns on the following three criteria: "(1) the person from whom discovery is sought must reside in or be found within the district; (2) the discovery must be for use in a proceeding before a foreign or international tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person." *In re Leret*, 51 F. Supp. 3d 66, 70 (D.D.C. 2014) (citing 28 U.S.C. § 1782(a)); *see also In re Barnwell*, 265 F. Supp. 3d at 8–9; *Lazaridis*, 760 F. Supp. 2d at 112. The Petition satisfies all three requirements.

First, the record indicates that Sibley resides or may be found in the District of Columbia. The D.C. Circuit "has not addressed what is required to demonstrate that a corporate entity is 'found' in a District for purposes of § 1782." *In re Application of Masters,* 315 F. Supp. 3d 269, 274 (D.D.C. 2018). Courts appear to agree, however, "that a corporation is 'found' in a district where it is headquartered or incorporated." *Id.* (citing, *inter alia, In re Application of Thai-Lao Lignite (Thailand) Co.,* 821 F. Supp. 2d 289, 294–95 & n. 4 (D.D.C. 2011)). Sibley is a Washington, D.C. corporation with its corporate headquarters located within Washington, D.C. Pet'rs' Br. at 6; *see also* Pet'rs' Resp. Min. Order at 1, ECF No. 3. Accordingly, the Petition satisfies the first requirement.

Second, the record clearly indicates that Petitioners intend to use the requested discovery in a foreign tribunal. Petitioners seek records and testimony from Sibley in connection with a currently-pending Quebec Superior Court action challenging the validity of Rita DiGiulian's

5

2015 Canadian will.  *See* Pet'rs' Br. at 6; Savoie Decl. at ¶ 14.  Accordingly, the Petition satisfies the second requirement.

Third, and finally, Petitioners are "interested persons" in the Quebec Superior Court action.  *See* Pet'rs' Br. at 7.  Petitioners initiated that action to contest the validity of their paternal grandmother's April 2015 will and may benefit should that will be declared invalid.  *See id.*; Savoie Decl. at ¶¶ 11–14.  In sum, the Petition satisfies all three statutory criteria, and this Court has the authority to grant Petitioners' request.

### III.   The Court Exercises Its Discretion to Grant the Request

Having concluded that the Court has the authority to grant Petitioners' request, the Court next must decide whether to exercise its discretion to do so.  The Supreme Court has outlined four factors which may "bear consideration" as part of this analysis: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding . . . [if so] the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the . . . court . . . abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."  *Intel*, 542 U.S. at 264–65.  The Supreme Court neither mandated that lower courts weigh those factors, nor "articulate[d] a formula for their consideration."  *In re an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 17-1466 (BAH), 2017 WL 3708028, at *3 (D.D.C. Aug. 18, 2017); *see also HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211, 222 (D.D.C. 2015) (quoting *Intel*, 542 U.S. at 264–65) (noting that the "Supreme Court has declined 'to adopt

supervisory rules'"). Nonetheless, the Court will use the *Intel* framework to evaluate the Petition, while remaining mindful of "§ 1782(a)'s twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (citation omitted) (internal quotation marks omitted); *see also In re Barnwell*, 265 F. Supp. 3d at 9 (citing *Lazaridis*, 760 F. Supp. 2d at 114).

### A. Sibley's Involvement in the Canadian Proceeding

The first *Intel* factor considers the producing party's involvement in the foreign proceeding. *See Intel,* 542 U.S. at 264. Section 1782 provides a means of procuring evidence from individuals who are not participants in foreign proceedings and thus "may be outside the foreign tribunal's jurisdictional reach." *Id.* Petitioners assert that Sibley is not a participant in the Canadian proceedings and that it does not have any meaningful connection to Canada. *See* Pet'rs' Br. at 7–8; Savoie Decl. at ¶ 26. Thus, the Sibley records and testimony relevant to the Canadian proceedings are likely only available in the United States. This factor weighs in favor of granting the Petition.

### B. Nature of the Foreign Tribunal, Character of the Proceedings, and Receptivity of the Court

The second *Intel* factor considers whether the nature of the foreign tribunal, the character of the proceedings, and the receptivity of the court to U.S. judicial assistance weigh in favor of granting Petitioners' request. *See Intel*, 542 U.S. at 264. The proceedings are before the Quebec Superior Court, which is the proper forum in which to "challenge the validity of a will based upon capacity and undue influence." Savoie Decl. at ¶ 14. As one would expect such proceedings to involve the submission and exchange of factual evidence regarding the decedent's mental and physical health, the nature of the proceedings favors granting Petitioners' request.

*See generally In re Barnwell*, 265 F. Supp. 3d at 11–12 (favorably noting that petitioners would likely be permitted to present evidence and engage in discovery in the foreign proceedings); *In re Caratube Int'l Oil Co.*, 730 F. Supp. 2d 101, 106 (D.D.C. 2010) (concluding nature of tribunal counseled against granting request where parties had agreed to arbitration and the procedural rules governing that process).

Additionally, when assessing the receptiveness of the foreign court to U.S. judicial assistance, it is not necessary to conduct an "extensive examination of foreign law regarding the existence and extent of discover in the forum country." *In re Caratube*, 730 F. Supp. 2d at 105–06 (quoting *In re Euromepa, S.A.*, 51 F.3d 1095, 1099 (2d Cir. 1995)) (internal quotation marks omitted). Instead, the court "should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." *Id.* (internal quotation marks omitted); *see also In re Barnwell*, 265 F. Supp. 3d at 10–11. Here, nothing in the record suggests that the Canadian court would reject evidence obtained through this request. *See* Pet'rs' Br. at 8. Petitioners' counsel asserts, based on his years of experience practicing in that jurisdiction, that "the Quebec Superior Court would accept Sibley's . . . records and testimony, so long the rules of evidence and civil procedure are followed." Savoie Decl. at ¶ 25. Therefore, this factor weighs in favor of granting Petitioners' request. *See In re Barnwell*, 265 F. Supp. 3d at 11 (quoting *In re Veiga*, 746 F. Supp. 2d 8, 24 (D.D.C. 2010)) (concluding receptiveness of foreign tribunal weighed in favor of granting discovery given the absence of any "clear and unequivocal indication that the foreign tribunal would not be receptive to the evidence sought").

    **C.**    **Whether the Request is an Attempt to Circumvent Foreign Proof-Gathering Restrictions or Other Policies**

The third *Intel* factor considers whether Petitioners' request is an attempt to circumvent foreign proof-gathering restrictions or other policies. *See Intel*, 542 U.S. at 264–65. When

8

evaluating this factor, courts may consider whether the party attempted to obtain discovery in the foreign jurisdiction before seeking discovery through Section 1782.  *See In re Caratube*, 730 F. Supp. 2d at 107.  However, "litigants are not required to seek discovery through the foreign tribunal prior to requesting through the United States."  *HT S.R.L.*, 125 F. Supp. 3d at 225–26; *see also In re Veiga*, 746 F. Supp. 2d at 24.  Because Sibley is neither a resident nor a citizen of Canada, the Quebec Superior Court lacks the authority to compel Sibley to testify or produce records.  *See* Savioe Decl. at ¶ 26; *see also* Pet'rs' Br. at 9.  Nothing in the record indicates that the rules and procedures governing Quebec Superior Court proceedings would preclude parties from obtaining such evidence from individuals who are not subject to that court's jurisdiction.  Accordingly, the Petition is not an attempt to improperly circumvent foreign procedural rules or evidentiary restrictions, and this factor weighs in favor of granting Petitioners' request.

### D. Whether the Request is Unduly Intrusive or Burdensome

The fourth *Intel* factor evaluates the scope of the requested discovery, asking whether it is "unduly intrusive or burdensome."  *Intel*, 542 U.S. at 265 (noting that "unduly intrusive or burdensome requests may be rejected or trimmed").  Courts have interpreted this inquiry to encompass "the relevance of the requested discovery to the foreign proceeding."  *In re an Order Pursuant to 28 U.S.C. § 1782*, 2017 WL 3708028, at *4 (citing *In re Veiga*, 746 F. Supp. 2d at 19).

Petitioners seek to subpoena Sibley for a deposition and the production of medical records reflecting Rita DiGiulian's treatment as a patient at Sibley.  Pet'rs' Br. at 2.  Petitioners assert that, because Rita DiGiulian was a patient at Sibley, Sibley is likely to possess medical records bearing upon her medical and mental state.  *Id.* at 10.  Petitioners also assert that hospitals routinely produce relevant medical records for litigation in cases where medical

treatment or diagnoses are at issue, as here, and that hospitals routinely retain those medical records in an organized fashion. *Id.*

The discovery Petitioners seek is relevant to the issues in dispute in the Quebec Superior Court proceeding and is not unduly burdensome on Sibley. Therefore, this factor weighs in favor of granting the Petition. In sum, the *Intel* factors all counsel in favor of granting the Petition as to Sibley, and the Court will exercise its discretion to do so.[2]

## CONCLUSION

For the foregoing reasons, the Court shall **GRANT IN PART** and **DENY IN PART** the Petition. Specifically, Petitioners' application for the issuance of a subpoena directing Sibley Memorial Hospital to produce testimony and certain medical records, as described in their Petition, of its deceased former patient, Rita Ernesto DiGiulian, for use in a foreign proceeding shall be **GRANTED**. Petitioners' application for the issuance of a subpoena directing The Johns Hopkins Health Corporation to produce testimony and certain medical records shall be **DENIED** as moot.

A separate Order will accompany this Memorandum Opinion.

Dated: September 2, 2020

ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the Court reaches its conclusions as to this Petition independently, the Court notes that it previously granted a similar request related to the same Canadian proceeding. *See In re DiGiulian,* 314 F. Supp. 3d 1 (D.D.C. 2018) (permitting Petitioners to subpoena a doctor for records and testimony related to medical care provided to Rita DiGiulian). The District of Maryland has also granted a similar request brought by Petitioners under § 1782 to subpoena a person in that district. *See DiGiulian v. Johns Hopkins Health Sys. Corp.,* 8:19-cv-2213-PX, 2019 WL 5064672 (D. Md. Oct. 9, 2019) (permitting Petitioners to subpoena a hospital for records and testimony related to medical care provided to Rita DiGiulian).